By the Court.
The grand jury, at the January term, 1913, of the common pleas court of Hamilton county returned an indictment against the defendant in error as follows:
“The grand jurors of the county of Hamilton under and by the authority of the State of Ohio upon their oaths do present that Felix Baltimore, on the second day of February in the year 1913, *197 with force and arms at the county of Hamilton and state of Ohio aforesaid being then and there a male person of the age of eighteen years and upward, did unlawfully and knowingly carnally know and abuse one V. T. with her consent, she, the said V. T. then and there being a female person under the age of sixteen years, to-wit, of the age of fifteen years, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Ohio.”
Defendant in error entered a plea of not guilty and the case was tried to a jury.
The state requested the court to give to the jury the following instruction: “If you find from the. evidence that the prosecutrix, Y. T., was a female under the age of sixteen years and that the defendant, Felix Baltimore, though he did not have intercourse with the prosecutrix, attempted to have such intercourse with the prosecutrix with her consent, then you may find him not guilty of rape with consent, but guilty of an attempt to commit rape with consent.” The court refused this request, and an exception was taken by the state. There was a verdict of acquittal. Upon application of the prosecuting attorney permission to file a bill of exceptions here was granted.
The only question presented by the bill of exceptions for our decision is whether the court erred in its refusal to give to the jury the instruction requested by the state.
Defendant in error was indicted under Section 12414, General Code: “Whoever, being eighteen years of age, carnally knows and abuses a female person under the age of sixteen years with her con *198 sent shall be imprisoned in the penitentiary not less’ than one year nor more than twenty years, or six months in the county jail or workhouse. The court is aúthorized to hear testimony in mitigation or aggravation of such sentence.”
Section 12415, General Code, is as follows: “Whoever attempts to carnally know and abuse a female person under sixteen years of age, with her consent, shall be imprisoned in the penitentiary not less than one year nor more than fifteen years.”
Section 13692, General Code, provides: “Upon an indictment, the jury may find the defendant not guilty of the offense charged but guilty of an attempt to commit it, if such attempt is an offense at law.”
Under Section 12415 an attempt to commit the offense defined by said Section 12414 is an offense, and the jury, under the provisions of Section 13692, if the evidence justifies it, may, upon an indictment under Section 12414, find the defendant guilty of the offense defined by said Section 12415. The state was, therefore, entitled to have the courts give the instruction which it requested, and the court erred in its refusal.
The indictment here charging defendant in error with the crime of rape with consent under Section 12414 is sufficient to cover the charge of an attemptéd rape with consent under Section 12415, and it was unnecessary to set out in the indictment a second count charging an attempt to commit the of^nSe‘ Exceptions sustained.
Shauck, Johnson, Donahue, Wanamaker, Newman and Wilkin, JJ., concur.